Next case in our call this morning is agenda number 11. Case number 109259 People of the State of Illinois v. Thomas Zimmerman Counsel, you may proceed May it please the Court Counsel, my name is Leah Bendick from the Illinois Attorney General's Office on behalf of the people This case presents two issues First, whether the prior juvenile felony factor from the aggravated unlawful use of a weapons statute is an element of that offense or merely a sentence enhancement And second, in the alternative, if the trial court erred by giving the stipulation to the jury regarding the prior juvenile felony, whether that error was harmless The appellate court reversed because of the admission of the stipulation and we ask this court to reverse the appellate court's judgment As an initial matter, I'd like to note that rather than say the entire phrase from this factor every time which is a prior juvenile adjudication that would have been a felony if committed by an adult I'm going to refer to that as a prior juvenile felony and I'm also going to refer to the offense as aggravated UUW as I do in the brief So then turning to the first issue, this court should find that the prior juvenile felony factor is an element of that offense As this court is well aware, in a question of statutory construction the primary goal is to ascertain and give effect to legislative intent and the best indicator of that is the plain language of the statute Here there is compelling evidence for how the General Assembly regarded this factor in the location of the factor itself The General Assembly chose to put this prior juvenile felony factor in the initial definitional subsection of the aggravated UUW statute rather than putting it in a subsequent sentencing subsection of simple UUW where there were other recidivism based sentence enhancements In cases from this court such as Robinson and Green, this court has looked to this location test as being a compelling indicator of how to regard whether a factor is a sentence enhancement or an element In addition to this, another indicator of legislative intent is the fact that the prior juvenile felony is listed alongside eight other aggravating factors in this initial subsection and there is no dispute by defendant that these other eight factors are elements of the offense and indeed the first one, the uncased, loaded and immediately accessible factor from subsection A has been repeatedly and unanimously held by the appellate court to be an element of aggravated UUW and so it's logical to infer that the legislature would have meant that all nine items from this same list to be regarded similarly This approach is consistent by looking at other offenses in the criminal code For example, there are at least five other offenses that have prior conviction factors in the initial definitional subsection of those offenses and case law and the jury instructions that put forth either the definition or the elements confirm unanimously that in these five cases these are elements of the offense including, for example, UUW by a felon and armed habitual criminal These are detailed at pages 15 through 17 of the opening brief and in contrast there are numerous examples of offenses that have recidivism based factors in subsequent sentencing subsections of offenses and that those factors are not treated as elements in the jury instructions Examples can be found at pages 18 and 19 of the opening brief and include offenses such as aggravated kidnapping, obscenity and criminal sexual assault Now, defendant's response to the people's position of putting a primary stress on where the legislature has located this factor is to instead propose a different framework Defendant suggests that instead the question should be once you put the prior conviction aside you look at the remaining conduct and ask whether it's unlawful or lawful Defendant proposes that if the remaining conduct is lawful then the prior conviction is an element of the offense but if the remaining conduct is unlawful then it should be a sentence enhancement However, defendant's proposal simply does not work with these five examples that the people have offered For example, there's the offense of UUW by a felon This court in People v. Gonzalez held without qualification that the prior conviction factor there is an element of the offense The remaining conduct for that offense is possession of a firearm Now, true that is a very broad element but it is not true to say that that is always lawful conduct By looking at the simple UUW statute, this court could see that possession of firearms such as machine guns or sawed-off shotguns is unlawful for anyone, not just felons So if a felon were to possess a machine gun, that would be unlawful conduct besides the prior felony and that would conflict with this court's holding in Gonzalez under defendant's framework that that would be an element So because that does not work in other examples in the criminal code this court should reject defendant's proposed approach Defendant's other main argument in opposition of the people's position is to cite the case of People v. Lucas and Section 111.3c of the Code of Criminal Procedure But neither of these authorities help his position Looking at Section 111.3c, it notably begins with the phrase When the state seeks an enhanced sentence because of a prior conviction So what this language indicates is that this provision sets forth the procedure the people should follow when a prior conviction is a sentence enhancement It does not provide any help for the more threshold question that is before this court here which is how to determine whether a prior conviction is an element or sentence enhancement And so in other words, this provision is simply inapplicable So then looking to the case of People v. Lucas, when examined carefully this case actually supports the people's approach There this court was analyzing two different criminal offenses driving while license revoked and armed violence Now the offense of DWLR, which I will refer to as shorthand is on a first offense a misdemeanor, but in a subsequent sentencing subsection that offense provides that a second or subsequent offense is a felony So this court noted that under Section 111.3c the people are barred from offering evidence of that prior conviction to the jury because in that case for that offense the prior conviction is a sentence enhancement That is consistent with the people's approach that where it is located in a later subsection that it is a sentence enhancement Now a defendant there was also charged with armed violence and that offense prohibits a person, let's see, when armed with a dangerous weapon committing certain felonies and the state charged him there with armed violence predicated on DWLR subsequent offense Now this court noted, because again that was provided in the initial definitional subsection that the people would have to prove beyond a reasonable doubt the prior conviction in order to make DWLR a felony that could serve as a predicate felony for armed violence So that again is consistent with the people's approach that where it is included as the definition of the offense that it is an element that must be proven to the jury beyond a reasonable doubt And that is why this court ultimately held in that case that DWLR subsequent offense cannot be a predicate felony for armed violence And so Lucas provides support for the people's position Accordingly this court should hold that the prior juvenile felony offense or factor is an element of that offense And notably defendant does not disagree that if this court were to reach that conclusion that the trial court did proceed appropriately in the manner in which the stipulation was offered to the jury And so the appellate court's reversal because of that stipulation should itself be reversed But secondly I'd briefly like to note in the alternative that even if this court were to find any error in the admission of the stipulation that it should be found harmless. Now the people do acknowledge that that is a forfeited argument because the people did not include it in the appellate court either in briefing or an oral argument and it was omitted from the PLA. However under the case of In re Rolandes G this court has noted that this court has discretion to consider forfeited errors and that one appropriate exercise of that discretion is in a case in which there is a preserved issue regarding a question of whether evidence was appropriately admitted and there is a forfeited issue with regard to whether any error in admission of that evidence was harmless because those two issues are intertwined and that is exactly the situation we have here because this statutory construction issue is bound together with the issue of whether the trial court appropriately had the stipulation go to the jury regarding the prior juvenile felony and so because that was properly preserved that issue is intertwined with harmless error here so this court could properly exercise its discretion to reach harmless error in this case. So if this court agrees and decides to excuse forfeiture if there was error it should be found harmless for two reasons. First there was little or no prejudice to defendant in the admission of the stipulation and second because of overwhelming evidence of defendant's guilt. This court should first find that there was little or no prejudice here because the trial court very deliberately instructed the jury that the stipulation was to be considered only with regard to count five which was the aggravated UUW charge and secondly because there was no sentence imposed for the conviction of aggravated UUW which shows that if there was any prejudice connected to this stipulation if presuming the jury follows its instructions it would not have tainted any deliberations regarding the other charges. But even if this court were to disagree with that the trial court in any case did everything it could to reduce the risk of prejudice. As this court held in People v. Walker which adopted the United States Supreme Court case of Old Chief v. United States in the situation in which the issue is whether there is a prior felon status the proper way to reduce the risk of prejudice best is to omit the name and nature of the offense at issue because it is merely the fact of the prior conviction that is the issue so the details are not probative to that issue. Because that is exactly what the trial court did here in omitting the name and nature of the prior offense the trial court did reduce the risk of prejudice. Now defendant cites the case of People v. Atkinson in an attempt to argue that the risk was actually greater by omitting the name and nature but Atkinson is distinguishable. In Atkinson the issue was the context of using a prior conviction for impeachment of a witness. And as this court noted in Atkinson both Walker and Old Chief were not at issue or were not relevant because in the impeachment context the prior conviction is relevant not for the fact of a prior conviction but because the name and nature of the offense is what is actually probative for the jury to decide how that should affect how they regard the credibility of a witness. And so that by omitting the name and nature in that circumstance there is actually an increased risk of prejudice. But that is simply a different context impeachment of a witness. What we have here is squarely under Walker and Old Chief about the status of a prior felony. And so under Walker and Old Chief the trial court's actions appropriately reduced the risk of prejudice. And finally the second reason any error was harmless was because of the overwhelming evidence of defendant's guilt. He was convicted of two different offenses aggravated discharge of a firearm and aggravated UUW and there was only one factual dispute regarding each conviction. The factual issue regarding aggravated discharge of a firearm was what direction defendant pointed his shotgun when he fired it three times. Defendant contends he fired it straight up in the air and the people proved that he fired it in the direction of the fleeing Jeep which contained the two victims, the two passengers and only if that latter fact was proven would he be guilty of aggravated discharge of a firearm. Now there was compelling evidence that defendant did point the gun in the direction of the fleeing Jeep when he fired it. There was most importantly the testimony of Jacob Johnson who was a close friend of defendant's and was there that night and witnessed him firing the shotgun and he said no less than four times during his testimony that the gun was pointed over in the direction of the Jeep when it was discharged. And also detective Hajnal testified that he took defendant's statement that night when defendant confessed and when detective Hajnal asked him what direction did you point the gun, defendant with his arms indicated what detective Hajnal described as a 30 to 45 degree angle from the ground which showed no he did not fire it straight up in the air. So this was certainly consistent with the testimony of the two victims who said that they saw defendant point the gun at them as they were driving away even though they both turned away and did not witness the actual discharge of the gun when they heard the shots fired. And so then the final issue with regard to aggravated UUW was whether defendant possessed the shotgun in the car. That was the only disputed factual issue and the only testimony on point admittedly was conflicting. A witness named Ashley Baum testified that defendant had the shotgun in Jacob Johnson's vehicle and he tossed the shotgun out the window of the car. Now defendant testified that no Ashley had the gun and Ashley tossed the gun out of the car. But if looking at who would be more credible in that situation, because Ashley was Jacob's girlfriend, Jacob was a longtime friend of defendant. Ashley said herself that she too was a friend of defendant and yet she testified against the interests of defendant whereas defendant's testimony was wholly self-interested. Therefore Ashley was the more credible witness. But in any case the moment of throwing the gun out of the window is not the only moment of possession of that shotgun in the vehicle. And it was certainly undisputed that defendant had the gun and he fired it shortly before Jacob, Ashley and himself got into the vehicle and drove away. So certainly that is compelling circumstantial evidence that at some point he did have the gun in the car even if he did pass it to Ashley at some point. So given this overwhelming evidence of guilt for his two crimes, this is the second reason why if there is any error in the admission of the stipulation this court should find it harmless. And so if there are no questions from this court I would simply ask that this court reverse the judgment of the appellate court. I have one question. Certainly. Obviously the defendant here is concerned about the prejudice that would result from this prior juvenile conviction being introduced. Can you conceive of situations where a defendant would prefer to have this made an element of the offense which the prior effect would have to prove beyond a reasonable doubt? Well I guess maybe not off the top of my head but I can still see that there is similar to what happened in the prior argument that there can be defense strategy in doing it through a stipulation as opposed to through actual offering the evidence because in that way it's just a simple sentence that exactly tracks the element of the offense and simply says yes he was convicted of a prior juvenile act that if committed by an adult would be a felony so that reduces the risk. My question really is would a defendant prefer to have the state have to prove this beyond a reasonable doubt rather than stipulating to it as was done here or in other cases? Can you conceive of a situation where this would be beneficial to a defendant? It's an additional element that has to be proven but is there any difficulty in proving that? I guess none comes to mind because admittedly I mean it's kind of the rationale behind Apprendi that usually there's one reason why the prior conviction is the exception to that Apprendi rule is because a judgment of conviction is regarded as presumably correct and so it's hard to conceive of where that would be contested. But who knows perhaps there is a situation out there. Certainly it's consistent with the legislative policy of viewing additional criminal acts by felons as being a greater risk to society that is understandably perhaps an element of some offenses. If there are no further questions we would ask reversal of the appellate court judgment. Thank you. Let me proceed. Thank you, Your Honors. Good morning. Good morning, Counsel. My name is Peter Carasone and I represent Thomas Emmerman. The defendant was charged in this case with carrying a firearm in an unlawful manner and certainly unlawfully defined manner and normally that's simply a misdemeanor UUW. But what we have here is because of his status as a, and I call it a juvenile felon status, he's a juvenile felon, against defense counsel's wishes and the jury was instructed in the 9-IP instruction that it was an element of defense that had to be proven and they were informed about it. Counsel, the state didn't charge the defendant with a simple unlawful use of a weapon, did he? No, they absolutely did not, Your Honor. They charged the defendant with aggravated UUW. So then how then is 11-3C, which is limited to situations where the state seeks an enhanced sentence, applicable? Well, it's, 11-1-3C says if a prior conviction is used to enhance a conviction to a higher level classification, then it's not an element and may not be disclosed to the jury. So you're going from a Class A misdemeanor to a Class 4 felony because of his status as a juvenile felon. And this court was, after I filed my brief, this court decided Peeble v. Nunez and I was reading that decision. And I was looking at the aggravated DUI statute. Actually, it's just DUI. And then they have a subsection D called aggravated DUI. And basically that statute also commingles sentence-enhancing factors and elements. It contains at least two sentence-enhancing factors in the same subsection. And it says, based on 111-3C, that the two recidivism factors are not elements and may not be disclosed to the jury. Now, Your Honors, I see this as a very, very simple case. The majority in this case looked at 111-3C, looked at this court's decision, I believe in Johnson, and said it's a catch-all. You know, it's meant to catch all these problems. Counsel, what do we do with Gonzales, then, where this court unequivocally concluded that 24-11 is not merely an upgraded version of this offense created by 24-1? They said it isn't an upgraded version. It's a separate and distinct offense. And when I look at the timing of that decision, Gonzales was decided in September of 92, well after the effective date of 111-3C, which was the effective date was July of 90. I don't see any conflict with Gonzales. In Gonzales, it's unlawful use of a weapon by a felon. A felon cannot possess a weapon under any circumstance. And the jury has to be informed about that. The defendant in this case, a juvenile felon, was allowed to possess a weapon. He was allowed to, he could hunt. There was no problem with that. However, he gets one break. If he messes up, if he commits what is misdemeanor UUW, he's done. It's a felony. It's elevated to a felony. So the legislature, I think, has given the juvenile a break, and he still has that break. But wasn't he charged with aggravated unlawful use of a weapon, which is a Class 4 felony? Absolutely, Your Honor. He was charged with aggravated. And we concede that every other element in that subsection, they're elements of the offense. That Factor D, though, if you want to look at it as a judicial oversight, it's a judicial oversight. If you want to look at it as it's meant to be caught under 111.3c, then it should be caught under 111.3c. And, again, that is the view of the aggravated DUI statute of the committee note. And I submit if there was a committee note or if there was an IPI for this offense, they would say that Factor D should not be disclosed to the jury. Back to Gonzalez for just a second. I understand that the exact question that's presented here was not addressed in Gonzalez. But don't you find that Gonzalez rejected the double enhancement argument that you're really making here? I'm not making any double enhancement issue, Your Honor. Simply saying that this prior status as a juvenile felon is not meant to be disclosed. The situation, do you think, I mean, the legislature in my mind, is there any way the legislature intended that the jury be told that let's take this very case. These other individuals could have been charged as accomplices. Is there any way that the jury should be told that the defendant is a juvenile felon and the other adult along with them may be an adult felon who's going to get an enhanced sentence because he's an adult felon, but also committed aggravated UUW based on his felony status, that that would not be disclosed? I mean, I put forth that example in my brief, that I think it's absurd to think that they're going to, you can't be told that there's an adult felon and then be told that there's a juvenile felon. The whole idea of 111.3c is that it recognizes after Apprendi that recidivism, and as the majority cited, Almendrez-Torres, is almost universally recognized not to be an element of defense when it's not important to the criminal conduct. When independent of the recidivism, it is an offense. And that's why in a UUW by a felon, you can possess, if you're a felon, you can't possess a shotgun. But this defendant could lawfully possess one. So it's the manner, the certainly unlawfully defined manner in which he possessed it. How do you address the state's argument with respect to the listing of the factors, the legislature listing of the factors, and we should draw their intent from that? Again, I'm saying that it's a legislative oversight, and I've cited the aggravated DUI statute, which I think clearly, I don't think, you know, we do have a clear committee right now, and I don't think, I think that there are probably other problems out there. But again, recidivism nearly universally is not viewed to be an element of defense where the conduct, absent the recidivism, is independently unlawful. You would acknowledge, of course, we have to ignore then where the legislature opted to put this section. That's one of the state's stronger arguments as to why it should be considered an element, it seems. Clearly, yes, Your Honor. And that's the point of the dissent, and that's the point of the state's argument in this case. But I think there are other situations. Would it be better? Yeah. I think I cited the case Washington in my case, which talks about it being a legislative oversight. Obviously, criminal statutes have to be construed in favor of the defendant if there's any ambiguity. But this particular factor, really, where does it belong? It belongs in 24.1, not 24.16. There's no doubt about it. I mean, I concede that. I concede that all these other factors are elements. But that's the same as true, and this Court may get the aggravated DUI case before it. Justice Carmine, there's absolutely no situation where I can think of where the defendant would want to bring in front of the jury a prior conviction. You know, unless he's contesting it, it's not me. But that's something that would be done in sentencing anyway. Now, this Court, therefore, should conclude that Factor D is not an element of the status of a juvenile felon. And, again, I wanted to – I did – I was starting to say about what the purpose of this is. Other crimes' evidence, prior convictions, juvenile felon, it always carries a risk of prejudice, and we're trying to get it away from the jury. Defense counsel in this case is – he's been around a long time, Mark Rose. He talked at the trial to the trial judge. He said, you know, Judge, this is like the old misdemeanor DUIs, where a felony DUI, did you have to prove up the misdemeanor DUI? That's what this is. And, you know, and that's exactly what 111.3c is meant to be. It's meant to be a catch-all to get rid of this problem for once and for all, because I've been on the other side, arguing the State failed to prove it up. So – but this is – it really is meant to be put to rest. And that's what this Court can do here. Now, the other argument – and also, it doesn't matter, in my opinion, and in this Court's opinion, both in Atkinson and Walker, whether or not the jury is told about the nature of the felony. You know, calling someone a juvenile felon, and in this case it was possession of a stolen motor vehicle. Well, maybe I would rather the jury hear that that's what it was, instead of speculating that he was a rapist or something worse. You know, something that required automatic transfer, which they wouldn't even realize. But, you know, other crimes-type evidence is always recognized to be – have a high risk of prejudice. If it was indeed an element, the State is correct. Under the case law, you'd be moving for a severance. And, you know, the decision the State cites at page 25 of its brief, those severance cases, they say you should grant a severance if you're going to have to prove up the prior and there are other charges involved. Now, the State argues for the first time on appeal in this Court that the error was harmless. And I recognize this Court has that authority, and they cite the case from this Court. In that case, however, the appellee did not argue forfeiture. And we are – I normally do not argue forfeiture, but I want to address briefly forfeiture. It was not raised in the appellate court. It was conceded at oral argument when Justice Carter was questioning the State that they were not raising a harmless error argument. It's not in the petition for leave to appeal. There's no trial evidence in the opening brief of the State's brief in this case in the Supreme Court. It's in my brief. The State simply maintained in its opening brief that the harmless – the error was overwhelming, that he shot in the direction of someone and provided record sites – record sites. Did not review the evidence. The first time the State reviews the evidence, and they said today about a witness testifying less – no less than four times, and they talk about the detective's testimony, the first time that has come up is in the State's reply brief in this Court. Therefore, we do ask that forfeiture apply here. But in any event, the error was prejudicial. This is a shooting that occurred at 11 to 1130 at night in a rural area on a levee, and even taking the State's evidence at best, the one witness to the so-called defendant's friend, he's testifying this shotgun was fired in the air when the barely – almost entirely over the levee, and all you could see was the top of the jeep. There's no evidence about the distance that this jeep was, the range of the firearm. Counsel argued that the area was searched. Counsel argued there was – the jeep was not hit. There was no buckshot – or there was no shot, excuse me, found towards the area of the jeep. And again, it was very, very late at night. There were no lights. There was a dim fire 100 yards away from where the defendant fired. This jeep is bouncing. It's an off-road jeep. And I don't understand how people driving away with headlights can see what's behind them in the dark. So we do argue that the error was indeed harmless should this Court reach the issue. In sum, this Court should affirm the appellate court, remain in the case for a new trial. Factor D is not an element. And even if the Court considers the state's harmless error argument, the error was prejudicial. Yes, Your Honor. I don't recall you discussing people versus Robinson. Robinson? Yes. And I'm wondering if the statutory construction analysis in that case, with respect to the involuntary manslaughter statute applied to the construction of Section 2416, and whether or not that analysis compelled the conclusion that Factor D is an element of the offense that must be submitted to the jury. I'm not familiar with Robinson. I know you cannot answer. No, I'm somewhat familiar, but I think I talked about it in my brief. And at best, if you're going to say that under strict statutory construction it's an element, then you have to look at the intent of the legislature. What was the intent behind 111.3c? Did the legislature really intend that the jury be told that someone's a juvenile felon and that an adult is not a prior felon? In the same case, it makes no sense. Any ambiguity in that statute? Excuse me, Your Honor? Any ambiguity in the statute? Yes, if there's any ambiguity between the conflict. It's the only way we get to the intent of the legislature. Exactly. Exactly. But, Your Honor, I want to point out that in Almendarez-Torres and Jones v. United States, Jones v. United States was the predecessor to Apprendi. Jones v. United States involved a carjacking statute, which co-mingled some sentencing enhancing factors with other factors. And, again, the court says that these factors, these recidivism factors, are almost universally believed to be not an element, just sentence enhancing. So if this court were to adopt the state's position, it would be a pretty much unique position. And given that, I don't think that this court can find, should find, that it is an element. Is it correct that the trial court did not impose sentence on the aggravated, unlawful use of a weapon, and if so, do you know why? I don't know why it did not impose. You know, I don't see it. They talked about one-on-one crime, but I think the state could have argued that they could have imposed a conviction on it. There is a conviction. Well, there's a finding of guilty. There was no judgment entered on it. And the state does make the argument it didn't affect. Because of that, it's harmless, but that doesn't wash, given the other cases, which recognize the jury is not likely to follow the instruction. The prejudice is there, no matter what offenses you're being tried on. But was a conviction entered on the charge? There was no judgment of conviction entered on the guilty verdict. There's no sentence on it, on the AUUW. Does that give us any problems? No, Your Honor, not at all, because it's the same as the severance cases, where if the case had not been severed, if it was an element, like an AUUW, this court's decision, the case is cited in the state's brief at page 25. If it was a severance case, this court would have reversed. If there are no further questions, I ask that this court affirm the judgment. Thank you. A few points on rebuttal. Counsel, before you get into yours, I'm over here. Certainly. Oh, sorry. Yes, thank you. I believe I misspoke when I talked to opposing counsel, but I'd like to get back a little bit to Gonzalez to understand your reliance on that vis-a-vis counsel's response to the Gonzalez case. I think I talked about double enhancement, which is what, in Gonzalez, they found no double enhancement because they did find a separate crime. But in our case, why would that be analogous in our situation? Why would there not be a double enhancement? No, not the double enhancement situation. The fact that Gonzalez and counsel correctly pointed out, that's not his argument. I believe, well, I was trying to ask him, it seems that if UUW by a felon is not an enhancement, then aggravated UUW would not be an enhancement either. And he said in this context that wouldn't apply. And you could go on from there. Certainly. I would agree that the order that things happened here is important. As Your Honor pointed out, Section 111.3c was enacted before Gonzalez. And so despite the existence of that statute, this Court still held that the prior conviction was an element of the offense. Opposing counsel essentially seems to argue that 111.3c means that there is never or hardly ever an appropriate situation in which a prior conviction is not a sentence enhancement. But this is more than a question of numbers. Because I would certainly agree that I found five examples where prior conviction is an element of the offense. And there are numerous examples of where prior conviction is a sentence enhancement. But neither Apprendi nor Almendarez-Torres nor Jones nor 111.3c prohibits a prior conviction from ever being an element of the offense. So it is not a bar to the legislature making that choice. Importantly, this Court in People v. Lucas at page 180 through 181 actually held that 111.3c is not applicable to cases where a prior conviction is an element. It is only applicable if it's in sentence enhancement. So this Court has already acknowledged that sometimes it's a sentence enhancement and sometimes it's an element. Just the fact that more often it's a sentence enhancement should not affect the analysis here, especially given the plain language we have, notably the location of the factor and the fact that it was not put as an enhancement to simple UUW. Now importantly, Almendarez-Torres fits squarely within the People's proposed approach because in that case there was a subsection defining the offense. The offense there was reentry of a removed alien. And subsection B, a later subsection, provided an enhanced sentence if that person had been removed or deported because of an aggravated felony. And the Court in Almendarez-Torres found that to be a sentence enhancement because subsection B only addressed sentence and subsection A had defined the offense. And that is exactly the position that people are seeing here. Look at the subsection that defines the offense. And if that's where the prior conviction is located, then it's an element. And if it's located later on, that's talking about sentence, then that's when it's a sentence enhancement. And that is when Section 111.3c does apply. Now again, defendant does not directly address, I don't believe, in his argument, the situation of UUW of a felon who possesses a machine gun because nobody is allowed to possess a machine gun under the statutes in Illinois. And that is a situation where the other conduct is criminal. And yet under Gonzales, this Court had an unqualified holding that the prior conviction is an element of the offense. Therefore, his proposed framework simply does not work in that situation. Can this Court take into account what's come out during argument here that it's very difficult to think of a situation  Well, certainly, but this Court should also consider that the legislature hasn't done it very often. And because the legislature has a legitimate policy interest in being more concerned about societal safety where it's a felon who is committing other conduct that it's concerned about, that that is an appropriate legislation of crimes. And the fact that there are many more situations where the legislature meant it to be a sentence enhancement shows that the legislature is acting carefully in that regard. Certainly, also, I'd like to address With your position, there's no ambiguity. It might not be practically beneficial for the defendant, but there's no ambiguity to get into deciding that issue or looking at the intent of the legislature? No, because I would agree there's no ambiguity. And I would like to address his example I'm not saying there's no ambiguity. I'm asking you if that's your position. That is our position, there is no ambiguity. By putting it in the initial definitional subsection, which is consistently throughout the criminal code, the legislature's way of showing elements versus sentence enhancement, that is a clear indication of legislative intent, about which there's no ambiguity. And I'd like to address his aggravated DUI example that he raises through his supplemental authority. Now, he points to IPI number 23.13, which is the definition of DUI, and notes that the committee comments addressing subsection D, which describes aggravated DUI, as being an example where there's a list that includes some elements and some sentence enhancements, according to the committee comments. But this court last year actually addressed and rejected that in the case of People v. Van Schoik, a 2009 case. It is true the committee comments point to cases from the 1980s in the appellate courts that say there's more than one offense of DUI. There's DUI with alcohol. There's DUI with controlled substances. And then later on, yes, aggravated DUI was added. But this court in Van Schoik rejected that. This court held that there is one offense of DUI, and noted specifically that subsection A provides the definition of driving while under the influence. This court pointed to subsection C and says that contains sentence enhancements. And this court pointed to subsection D and noted that, yes, it describes aggravated DUI as being subsection A, normal DUI, plus a different additional circumstance. But that raises it to a class 4 felony. And this court particularly cited Robinson and Green and noted that, no, subsection D does not create a new offense of aggravated DUI. It's a sentence enhancement. So perhaps the language from the committee comments has not yet been adjusted in light of this court's very recent decision in Van Schoik, but this court has already rejected that example. And that, again, is consistent with the people's approach. That is the initial subsection that has the elements, and it is the later subsections that have sentence enhancements. And I'd like very briefly to address forfeiture, since the defendant focused on that a little bit. It's important to note that the appellate court oral argument, the state did not concede that any error was harmful. What the state said was, we acknowledge that we are not raising a harmless error issue. And those are two very notably different positions. It is true, Olandis G noted that the counsel there did not press the issue of forfeiture, but that was sort of dicta in that discussion because, instead, this court was simply noting that this court has discretion to excuse forfeiture and that it's appropriate to do so when the issues are intertwined. And that is what we have here. And as for the harmless error regarding the evidence of guilt, I'd like to note that the statute for aggravated discharge of a firearm does not require the showing of a particular distance. It does not require a showing of actually hitting a vehicle as it's fleeing. The provision only prohibits the discharge of a firearm in the direction of a vehicle that the defendant knows to be occupied. And the testimony compellingly demonstrated that. And so if there are no further questions, again, I'd like to ask for reversal of the appellate court judgment. Thank you. Thank you, counsel. Case number 109259.